# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD SCHNEIDER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. CIV-09-1169-M ) |
| JUSTIN JONES, | ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Chad Schneider is a prisoner in the custody of the Oklahoma Department of Corrections (DOC), currently incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. Appearing pro se, Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging due process violations during a prison disciplinary proceeding. Petition [Doc. No. 1].[1] Chief United States District Judge Vicki Miles-LaGrange entered an Order referring initial proceedings to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent has filed a Motion to Deny the Writ [Doc. No. 8] to which Petitioner has filed a Rebuttal [Doc. No. 10]. For the following reasons, it is recommended that the Petition be denied.

## BACKGROUND

In 1999, Petitioner was convicted of accessory to first degree murder pursuant to

---

[1] Since the Petition is not paginated, referenced page numbers were reached by hand counting.

Okla. Stat. tit. 21, § 701.7 and sentenced to thirty-five years in Grady County District Court, State of Oklahoma, Case No. CF-99-191. Respondent's Brief at 1. This dispute, however, centers on a disciplinary proceeding as a result of which Petitioner was found guilty of possession of contraband and sanctioned with, among other things, the loss of 365 days of earned time credits. Petition, Attachment 2 at 7 [Disciplinary Hearing Report].

On appeal to Warden David Miller, Petitioner argued that he was denied due process at his disciplinary hearing because he was not allowed to present certain documentary evidence and live witness testimony at his hearing. Petition, Attachment 2 at 2. Warden Miller affirmed the decision of the hearing officer on May 16, 2008. Petition, Attachment 2 at 5 [Offender Misconduct Appeal Form]. On June 4, 2008, the Director concurred with the decision to affirm the hearing officer's decision. Petition, Attachment 2 at 6 [Response from Director or Designee].

Petitioner subsequently filed a Petition for Judicial Review in Oklahoma County District Court, Case No. CJ-2008-7933. Response, Ex. 5 [Journal Entry]. The court denied the petition, finding that Petitioner was afforded due process during the disciplinary hearing, and that "Petitioner failed to submit any evidence to support [his claims] beyond mere allegations that he was denied due process." *Id.* at 3. Petitioner next filed a Petition in Error in the Oklahoma Court of Criminal Appeals, Case No. REC-2009-379, challenging the final judgment of the Oklahoma County District Court. Response, Ex. 7 [Order Denying Relief]. After reviewing Petitioner's claims, the appellate court affirmed the judgment of the district court on July 31, 2009. *Id.* at 1-6. Finally, having exhausted his remedies on administrative

appeal with the DOC and with the Oklahoma state courts, Petitioner filed a Petition for a Writ of Habeas Corpus in this court on October 26, 2009. Petition at 1.

Citing *Wolff v. McDonnell*, 418 U.S. 539 (1974), Petitioner argues in five grounds that he was not afforded the minimum due process in the disciplinary hearing that resulted in his loss of earned time credits. First, Petitioner asserts that the evidence relied upon by the hearing officer did not meet the "some evidence" requirement in *Superintendent v. Hill,* 472 U.S. 445, 454 (1985). Petition at 4. Second, Petitioner argues that the evidence relied upon for conviction lacks specificity which also violates *Hill*. Petition at 5. Two other grounds involve the denial of live witness testimony and documentary evidence during the hearing. Petition at 6-7. Lastly, Petitioner claims that he was denied due process because the Lawton Correctional Facility (a private prison) was improperly motivated by pecuniary interest in extending sentences of inmates. *Id.* at 8.

Petitioner's disciplinary proceeding was based on the March 18, 2008, search of the cell Petitioner shared with Thomas Jones at the Lawton Correctional Facility (LCF). Petition, Attachment 2 at 8 [Misconduct Report]. As a result of the search, Correctional Officer James confiscated a sewing needle and a bottle of wood glue as contraband. Petition, Attachment 2 at 8 & 12 [Misconduct Report and Confiscation and Disposition of Contraband Report]. Petitioner was charged with a "Class X" offense for possession of the needle. Petition, Attachment 2 at 8. Petitioner was found guilty at a disciplinary hearing on March 31, 2008. Petition, Attachment 2 at 7 [Hearing Report]. As a basis for finding Petitioner guilty, the hearing officer relied on a Misconduct Report submitted by Officer James and a

3

picture of the needle. *Id.* The hearing officer also stated that prison staff had "nothing to gain by fabricating the event" in question, and he justified the discipline as a deterrent to future misconduct by the Petitioner. *Id.* Petitioner refused to sign the Disciplinary Hearing Report. *Id.*

The crux of Petitioner's claim is that Officer James mixed up the evidence, that the needle actually belonged to his cellmate, and that the bottle of wood glue was the only "contraband" found in Petitioner's possession during the search. See Petition, Attachment 1 at 2 [Statement of Facts]. In support of his claim that the needle belonged to Mr. Jones, Petitioner has presented a sworn statement from Jones, dated March 30, 2008, taking full responsibility for the needle, Petition, Attachment 2 at 11 [Sworn Statement] and a copy of a Disciplinary Hearing Report finding Jones guilty of possession of the needle based on his guilty plea to the charge. Petition, Attachment 2 at 14. In addition, Petitioner has presented a document titled "Confiscation and Disposition of Contraband," in support of his argument that the only "contraband" found in Petitioner's possession was a bottle of wood glue. Petition, Attachment 2 at 12.

Respondent asserts that the minimal procedures attendant to prison disciplinary proceedings were met. More specifically, Respondent cites Petitioner's twenty-four hour advance written notice of his charge, his opportunity to present witness testimony and documentary evidence, the written statement of the reasons for the finding of guilt, and the written statement of the reasons for the punishment. Further, Respondent asserts that the officer's incident report and the photocopy of the needle were "some evidence" sufficient to

support a finding of guilt under *Hill*. Respondent's Brief at 4.

## **ANALYSIS**

The Fourteenth Amendment of the U.S. Constitution prohibits the states from depriving an individual of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Individuals claiming procedural protections must first establish that a constitutionally-protected interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Protected interests may arise from the Constitution itself or from expectations created by state law. *Id.* It is undisputed that Oklahoma has created a liberty interest in earned time credits. Okla. Stat. tit. 57, § 138(A); *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993). Therefore, this dispute is centered on the constitutionality of the procedures attendant to the deprivation of Petitioner's earned time credits.

An individual who has been convicted and sentenced to prison does not give up all constitutional protections, but procedural protection for certain liberty interests are limited by the "needs and exigencies of the institutional environment." *Wolff*, 418 U.S. at 555. A state must meet three basic procedures before depriving an inmate of a protected liberty interest: (1) the inmate must receive advance written notice of the charge; (2) there must be an opportunity to call witnesses and present documentary evidence that is consistent with "institutional safety and correctional goals"; and (3) a written statement by the fact finder stating the evidence relied on and reasons for the discipline. *Hill*, 472 U.S. at 454. The decision of the hearing officer need only be supported by "some evidence" in the record. *Id.*

Petitioner's claims have been examined in light of these well-settled standards.

Petitioner first argues that the DOC failed to afford him due process by not allowing him to present a live witness and certain documentary evidence. As to the witness, Petitioner argues that the DOC's refusal to allow the live testimony of Petitioner's cellmate, Thomas Jones, at the disciplinary hearing violated due process because the DOC did not justify its refusal with "valid security interests." Petition at 6. Although the Supreme Court in *Wolff* required that inmates be given an opportunity to "call witnesses . . . when [doing so] will not be unduly hazardous to institutional safety or correctional goals," the Court also cautioned that the Fourteenth Amendment does not extend an unqualified right to inmates to confront and cross-examine witnesses in prison disciplinary hearings. *Wolff*, 418 U.S. at 566-67. According to the Court, such a right would inevitably lengthen disciplinary proceedings and make them unmanageable. *Id.* Therefore, the decision to allow live witness testimony is within the discretion of the prison officials. *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990) ("The scope of a prisoner's right to confront and cross-examine witnesses is . . . committed to the sound discretion of prison officials."). Moreover, the Court in *Wolff* did not require that prison officials identify any specific security risks upon which the exercise of such discretion was based. *Wolff*, 418 U.S. at 566 (noting that while it would be "useful" for the prison officials to state the reasons for disallowing evidence, such statement was not "prescribed").

In any event, the record in this case demonstrates that the DOC's decision to disallow the live testimony of Mr. Jones did not result in the denial of the process due Petitioner. The undersigned notes first that Petitioner signed an Investigator's Report stating that he did not

6

wish to present any witnesses at the disciplinary hearing. Petition, Attachment 2 at 9 [Investigator's Report]. Second, the hearing officer admitted into evidence the Sworn Statement of Mr. Jones in lieu of his live testimony. Petition, Attachment 1 at 3. Given these two facts, it is clear that the record before the hearing officer allowed for adequate consideration of Jones's testimony in reaching a decision. *See Wolff*, 418 U.S. at 568 ("adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination").[2] Thus, given the record and the DOC's recognized interest in conducting efficient and safe disciplinary hearings in furtherance of its correctional goals, the undersigned finds that Petitioner has failed to demonstrate that the DOC abused its discretion in denying the live testimony of Mr. Jones. *See id*. at 566.

Petitioner also argues that the DOC violated his due process rights by refusing to admit the Confiscation and Disposition of Contraband Report (Report) as evidence at the disciplinary hearing. Petition, Attachment 1 at 3. Petitioner argues that the Report is "material and exculpatory" because it identifies only a bottle of wood glue as having been confiscated from Petitioner, and thus, the Report corroborates Petitioner's theory that Officer James mistakenly charged possession of the needle to Petitioner. Petition, Attachment 1 at 3. In prison disciplinary proceedings, the standards that govern the admission of witness testimony also govern the admission of documentary evidence. *Howard v. U.S. Bureau of*

---

[2]Even if the DOC erred in not allowing live testimony, the error would not withstand harmless error review. *See Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("errors made by prison officials in denying live witness testimony at official hearings are subject to harmless error review[]").

7

*Prisons*, 487 F.3d 808, 813 (10th Cir. 2007). Therefore, the court must balance an inmate's interest in presenting documentary evidence with the prison's interest in keeping the disciplinary proceedings within "reasonable limits." *Wolff*, 418 U.S. at 566.

Accordingly, the undersigned finds that the failure to admit the Report at Petitioner's disciplinary hearing did not violate his due process rights. As discussed, the record before the hearing officer included Jones's statement that the needle was wrongly attributed to Petitioner. *See* Petition, Attachment 2 at 11. Furthermore, Petitioner exaggerates the probative value of the Report. Petition, Attachment 1 at 3. It is clear from the form that one purpose of the Report is to allow inmates to ship non-dangerous contraband before the DOC destroys it. *See* Petition, Attachment 2 at 12. The absence of the needle from such report is therefore not particularly probative and would not necessarily have exonerated Petitioner.

Petitioner next claims that the evidence relied upon at his disciplinary hearing was insufficient. Petition, Attachment 1 at 1-2. Stated generally, Petitioner argues that the clear weight of the evidence points to the needle being wrongly attributed to him. Petitioner makes five arguments to support his theory: Mr. Jones took responsibility for ownership of the needle in his sworn statement; the Confiscation Report showed that Officer James only confiscated a bottle of wood glue from Petitioner; Mr. Jones pled guilty to possession of the needle at a separate disciplinary hearing; Officer James failed to follow prison policy by conducting the search without a witness; and the photograph of the needle was not properly labeled or documented for chain of custody purposes. *Id.* Taken together, Petitioner argues, this evidence refutes Officer James's Misconduct Report that tied the needle to Petitioner and

ultimately led to his loss of earned time credits. *Id.* at 2.

To prevail on his sufficiency of evidence argument, Petitioner faces the deferential evidentiary standard of *Superintendent v. Hill*. In *Hill*, the Supreme Court held that after the procedural requirements in *Wolff* are met, the decision to deprive an inmate of a liberty interest must be supported by "some evidence" in the record. *Hill*, 472 U.S. at 454. Although Petitioner presents evidence to support his argument that he never possessed the needle, the *Hill* standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455. Thus, the relevant inquiry is whether "there is any evidence in the record" that supports the decision to impose discipline. *Howard*, 487 F.3d at 812 ("A disciplinary board's decision can be upheld by a reviewing court, 'even if the evidence supporting the decision is meager.'")(citation omitted). This standard can be satisfied by the constructive possession of items which are stored in areas to which few inmates have access. *See id.* (finding constructive possession of contraband provides "some evidence" of guilt); *see also Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical."); *United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001).

In this case, the hearing officer relied on the Officer James's Misconduct Report and a photograph of the needle. Petition, Attachment 2 at 7. Generally, an incident report is sufficient to satisfy the *Hill* standard. *Ruelas v. Zuercher*, 240 Fed. Appx. 796, 797 (10th Cir. July 11, 2007) ("[incident] report alone constitutes 'some evidence' of Petitioner's

9

guilt"); *Longstreth v. Franklin*, 240 Fed. Appx. 264, 267 (10th Cir. Jun. 29, 2007) (rejecting due process claim in part because "the incident report was 'some evidence[]'") (citing *Hill*, 472 U.S. at 455-56). Petitioner's many attacks on the credibility of Officer James's report and the photograph are unavailing because courts are not charged with validating evidence; rather, the courts determine whether the procedural requirements of *Wolff* were followed and whether there was some evidence to support the findings of the hearing officer. *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). Here, the Misconduct Report which sets out the factual basis for the offense and the photograph of the contraband meet the "some evidence" standard.

Lastly, Petitioner argues that his due process rights were violated because the DOC was improperly motivated to convict him based on pecuniary interest. Petition, Attachment 1 at 3. Since the Lawton Correctional Facility is a privately-owned prison, Petitioner argues that prison staff routinely fabricate class X offenses to lengthen inmate sentences. *Id.* To the extent this claim challenges the impartiality of the hearing officer, it is unavailing. An impartial decision-maker is a "fundamental requirement of due process that is 'fully applicable' in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (quoting *Wolff*, 418 U.S. at 592 (Marshall, J., concurring)). However, the honesty and integrity of the decision-maker are presumed. *Id.* Petitioner's bald assertion that the entire staff of LCF is improperly motivated is speculative and fails to overcome the presumption that the hearing officer was fair and impartial.

In conclusion, the undersigned finds that Petitioner was afforded the requisite due

process in connection with his disciplinary hearing. Although Petitioner presents evidence to support his version of the events, the inquiry at this level is whether the three procedural safeguards of *Wolff* were followed and whether there was any evidence in the record to support the decision to discipline. The undersigned concludes that these requirements were met and that Petitioner suffered no constitutional violation.

**RECOMMENDATION**

Based on the foregoing analysis, it is recommended that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Federal Rule of Civil Procedure 72(b)(2). Petitioner must file any such objection with the Clerk of this Court by the 7th day of April, 2011. Petitioner is further advised that failure to make a timely objection to the Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 18th day of March, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE